## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARLAND E. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-38** |
| **UNITED STATES DEPARTMENT OF JUSTICE, ET AL.** | **SECTION "G" (3)** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Garland E. Williams filed the above-captioned matter in this District Court against a number of defendants: (1) the United States Department of Justice; (2) Eric Holder, former Attorney General of the United States; (3) District Court Judge Helen G. Berrigan; (4) Magistrate Judge Michael B. North; (5) William W. Blevins, Clerk of Court; (6) Jacob Lew, Secretary of the United States Department of Treasury; (7) Magistrate Judge Greg N. Stivers; (8) Magistrate Judge Carolyn S. Ostby; (9) District Court Judge Susan P. Watters; (10) Don Johnson, former Secretary of the Kansas Department of Social Rehabilitation Services; (11) Chief Magistrate Judge Lawton Nuss; (12) Lori L. Yockers, a Kansas hearing officer; (13) Chief Justice Bernette J. Johnson of the Louisiana Supreme Court; and (14) Rebecca S. Kennedy, a Louisiana hearing officer.  Williams seeks relief under numerous Constitutional provisions.  From a review of Williams' complaint, the Court understands that Williams seeks relief from the enforcement of child support orders entered by state courts in Kansas and Louisiana. He asserts that such orders are fraudulent and violate his constitutional rights. He seeks two trillion dollars.

On January 14, 2016, this Court ordered Williams to show cause, on or before Friday,

February 12, 2016 and by filing a written statement, as to why his claims should not be summarily dismissed for failure to state an actionable claim in this federal court. On January 22, 2016, Williams filed the two motions presently before the Court. For lack of better words, this Court will consider them as (1) a motion to amend the complaint [Doc. #4], and (2) a motion to file evidence [Doc. #5].

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the*

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

*claims do not lack merit on their face.*[2]

With regard to the district court judges, the magistrate judges, the Chief Justice of the Louisiana Supreme Court, the hearing officers (performing in their adjudicative roles), and the Clerk of Court, Blevins, it is well settled that these individuals are protected by absolute immunity for actions taken in their judicial/official capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)); *see also Cleavinger v. Saxner*, 474 U.S. 193 (1985) (professional hearing officers); *Clay v Allen*, 242 F.3d 679 (5th Cir. 2001) (clerks of court). Essential policy considerations support this grant of absolute judicial immunity. These individuals' roles in the judicial system require that they enjoy the "freedom to determine the law unfettered by the threat of collateral attacks" against them personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.* The allegations in Williams' complaint challenge these individuals' actions taken in their official capacities as adjudicative individuals, *i.e.*, their actions in ruling on his child-support responsibilities and the dismissal of his claims in an earlier suit that he filed in this Court. *See Williams v. Kans. State Dep't of Soc. & Rehab. Serv.*, Civ. A. No. 14-1663 (E.D. La.). Indeed, the evidence that Williams submits

---

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

with his motion to file evidence supports this: All of it reflects these individuals' actions taken in their official capacities as judges. For example, to support his claims against Judge Berrigan of this Court, he submits her order dismissing a party without prejudice from an earlier lawsuit that he filed. (*Williams v. Kansas State Dep't of Soc. & Rehabilitation Serv., et al.*, E.D. La., Doc. #14-cv-1663). And nothing in Williams' motion to amend alters this conclusion. It is essentially no more than a repetition of his original complaint. The Court finds that these individuals should be dismissed from this lawsuit on the ground of absolute immunity.

Moreover, sovereign immunity bars Williams' suit against the Department of Justice, Holder, and Lew. Sovereign immunity bars any monetary claim against these individuals in their official capacities as it is a claim against the United States. *See Smart v. Holder*, 368 Fed. Appx. 591, 593 (5th Cir. 2010). Nothing in either of Williams' motion supports a contrary conclusion.

Lastly, with regard to Johnson, the former Secretary of the Kansas Department of Social Rehabilitation Services, the Court notes that the Eleventh Amendment bars a suit by a citizen of another state against a state. *Edelman v. Jordan*, 415 U.S. 651 (1974). Any suit against a state official for monetary damages is a claim against a state and is barred by the Eleventh Amendment. *See id.* at 662.

Accordingly,

**IT IS ORDERED** that the motion to amend the complaint [Doc. #4] and the motion to file evidence [Doc. #5] are DENIED.

**IT IS FURTHER RECOMMENDED** that this lawsuit be dismissed without prejudice for failure to state a cognizable claim in federal court and on the grounds of absolute immunity,

sovereign immunity, and the Eleventh Amendment.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 22nd day of February, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Daniel E. Knowles, III*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**